Jonathan Shub (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street
Suite 1380
Philadelphia, PA 19102
Tel:  (215) 564-2300
Fax: (215) 851-8029
jshub@seegerweiss.com


# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA


SHANTELL OLVERA, on behalf of herself
and all others similarly situated,

      Plaintiff,                                        CASE NO.:

v.                                                          **CLASS ACTION COMPLAINT**

DRIVEN SPORTS, INC.,                          **JURY TRIAL DEMANDED**

      Defendant,

_____/

## CLASS ACTION COMPLAINT

    Plaintiff SHANTELL OLVERA, by and through undersigned counsel, on behalf of herself and all other persons and entities similarly situated, sues Defendant, DRIVEN SPORTS, INC., and for her Complaint alleges, upon information and belief and based on the investigation to date of her counsel, as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is a civil class action brought individually by Plaintiff and on behalf of a class of persons similarly situated, ("Class Members"), who purchased the dietary supplement Driven Sports Craze (the "Product") from Defendant.

2.     The class members are all persons located within the state of California who purchased the Product.

3.     Defendant advertises, formulates, manufactures, markets, sells and distributes the Product.

4.     Bodybuilding.com ("BB") is an online retailer of the Product.

5.     The dietary supplement industry is a growing and extremely competitive business environment, especially the sports (bodybuilding) supplement segment.

6.     The Product is generally categorized as a "Pre-Workout" supplement.

7.     Pre-Workout supplements most often contain high levels of stimulants, which has pushed many manufacturers to keep pushing the levels of these stimulants to stay competitive in the market.

8.     Defendant advertises, labels and markets the Product in a misleading and deceptive manner.

9.     Defendant represents that the Product is a "dietary supplement" that is legal and safe.

10.     Defendant spikes the Product with a methamphetamine analog that is not declared on the Product's label, in an effort to capture market share of the Pre-Workout segment of sports supplement products.

11.     Plaintiff brings this action challenging Defendant's mislabeling of the Product on behalf of herself and all others similarly situated, under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act.

12.     Plaintiff seeks an order compelling Defendant to (1) cease marketing the Product using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which Defendant has been unjustly enriched, and (4) destroy all misleading and deceptive materials.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over all causes of action asserted herein.

14.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendant's state of citizenship.

15.     Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery regarding Defendant's sales of the Product during the class period.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of their Product in this District.

17.     Defendant and other out-of-state participants can be brought before this Court pursuant to state and federal law.

## PARTIES

18.     During the Class period, Plaintiff and Class Members purchased the Product through BB's website www.bodybuilding.com and/or one of the many brick and mortar and online retailers of Defendant's Product throughout California. Plaintiff and Class Members suffered an injury in fact caused by the false, fraudulent, unfair, deceptive and misleading practices set forth in this Complaint.

19.     Plaintiff is a resident of the County of San Diego, State of California, and the events set forth in this Complaint took place therein, who, on or about March 29, 2013, purchased the Product Driven Sports Craze for her own use, and not for resale, from BB's website.

20.     Defendant Driven Sports, Inc. is a New York corporation who is authorized to do and, is in fact, doing business in California, with its principal place of business located at 672 Dogwood Ave., Suite 329, Franklin Square, NY 11010.

## FACTUAL ALLEGATIONS

21.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

22.     Plaintiff Olvera reviewed the Product's label, nutritional label, supplement facts and marketing material prior to purchasing the Product.

23.     Defendant provides retailers such as BB with label images and marketing materials.

24.     Plaintiff Olvera reasonably relied on the information provided by Defendant when making the decision to purchase the Product.

25.     Plaintiff would have purchased another Pre-Workout product, if any at all, if she was made aware of the presence of an illegal methamphetamine analog in the Product.

26.     On information and belief, Defendant has intentionally manufactured the Product to contain a methamphetamine analog, N,α-diethylphenylethylamine (N,α-DEPEA).

27.     "The supplement is labeled as containing a dendrobiumorchid extract comprising several phenylethylamines including N,N-diethyl-phenylethylamine

(N,N-DEPEA). N,N –DEPEA is a structural isomer of the methamphetamine analog N,α-diethylphenylethylamine (N,α-DEPEA)."[1]

28. "Pharmaceuticals and banned substances have been detected in hundreds of purportedly natural supplements. Recently, several athletes have been disqualified from competition after testing positive for the methamphetamine analog N,α-diethylphenylethylamine (N,α-DEPEA). Athletes have claimed they unknowingly consumed the banned stimulant in workout supplements. Three samples from different lot numbers of Craze, a workout supplement, were analyzed to detect the presence and concentration of N,α-DEPEA. Two labs independently identified N,α-DEPEA in the supplement using ultra high performance liquid chromatography (UHPLC) coupled to an LTQ Orbitrap XL mass spectrometer and UHPLC-quadruple-time-of-flight mass (Q-TOF) spectrometer, respectively. The identity of N,α-DEPEA was confirmed using nuclear magnetic resonance and reference standards."[2]

29. Defendant's do not disclose the presence of the methamphetamine analog N,α-DEPEA anywhere on the Nutritional Panel or the Supplement Facts Panel of the Product:

---

[1] Cohen, P. A., Travis, J. C. and Venhuis, B. J. (2013), A methamphetamine analog (N,α-diethyl-phenylethylamine) identified in a mainstream dietary supplement. Drug Test Analysis. doi: 10.1002/dta.1578.

[2] *Id.*

| Supplement Facts | | |
|---|---|---|
| Serving Size 1 Scoop (5.3 g) | | |
| Servings Per Container 45 | | |
| **Amount Per Serving** | | **% Daily Value** |
| Vitamin C (as Ascorbic Acid) | 250 mg | 417% |
| **Kineses Proprietary Blend** | **4580 mg** | * |
| Trimethylglycine (Betaine Anhydrous) | | |
| Creatine Monohydrate | | |
| L-Citrulline | | |
| Dendrobex (Dendrobium Extract)(stem) (Concentrated for alkaloid content including Dendrobine, Dendroxine, Dendramine, B-Phenylethylamine, N,N-Dimethyl- B-Phenylethylamine, and N,N-Diethyl-B-Phenylethylamine) | | |
| B-Phenylethylamine HCl | | |
| Citramine (Citrus Reticulata Extract) (fruit) (Concentrated for N-Methyltyramine content) | | |
| Caffeine Anhydrous | | |
| * Daily Value not established. | | |
| Other Ingredients: Citric Acid, Malic Acid, Natural and Artificial Flavors, Sucralose, Acesulfame Potassium, FD&C Red #40, RD&C Blue #1. | | |

30.    Defendant's inclusion of N,α-DEPEA in the Product is unlawfully included in a dietary supplement because it is regulated in California as a controlled substance and a dangerous stimulant.

## **RELIANCE AND INJURY**

31.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

32.    When purchasing the Product, Plaintiff was seeking a product that had the qualities described in Defendants' advertising, labeling and marketing.

33.    Plaintiff read and relied on the deceptive claims contained herein.

34.    Plaintiff believed the Product had the qualities she sought, but the Product was actually unsatisfactory to Plaintiff for the reasons described herein.

35.   Plaintiff paid more for the Product, and would have been unwilling to purchase the Product at all, absent the false and misleading labeling complained of herein.   Plaintiff would not have purchased the Product absent these claims and advertisements.

36.   For these reasons, the Product was worth less, if it all, than what Plaintiff paid for it.

37.   Instead of receiving a product that fully disclosed the ingredients on its label, the Product Plaintiff received was one that did not disclose the presence of a methamphetamine analog.

38.   Plaintiff lost money as a result of Defendant's deceptive claims and practices in that she did not receive what she paid for when purchasing the Product.

39.   Plaintiff altered her position to her detriment and suffered damages in an amount equal to the amount she paid for the Product.

## CLASS ALLEGATIONS

40.   Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

41.   Plaintiff brings this action on his own behalf and as a Class Action Pursuant to Rule 23 of the Federal Rules of Civil Procedure.   Plaintiff seeks certification of the following Class:

**California Class: All Persons in the State of California who have spent money purchasing the Product from four years**

**from the first-filed complaint in this action until the final disposition of this and any and all related cases.**

42.     The abundance of Class Members renders joinder of all Class members individually, in one action or otherwise, impractical.

43.     This action involves questions of law and fact common to Plaintiff and Class Members including:

(a) Whether Defendant violated the California Civil Code Section 1750 *et seq.*;

(b) Whether Defendant violated the California Business & Professions Code Section 17200 *et seq.*;

(c) Whether Defendant violated the False Advertising Law, Cal. Bus. & Prof. Code Section 17500 *et seq.*; and

(d) Whether Plaintiff and Class Members sustained damages and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

Excluded from the Class is: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant and its legal representatives, assigns and successors of Defendant; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

44.     *Numerosity*: The Class is composed of thousands of persons

geographically dispersed throughout the State of California and the United States, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Class are ascertainable and identifiable from Defendant's records.

45. *Commonality*: Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues include, but are not limited to the following:

(a) Whether Defendant violated the California Civil Code Section 1750 *et seq.*;

(b) Whether Defendant violated the California Business & Professions Code Section 17200 *et seq.*;

(c) Whether Defendant violated the False Advertising Law, Cal. Bus. & Prof. Code Section 17500 *et seq.*; and

(d) Whether Plaintiff and Class Members sustained damages and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

46. *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's conduct in manufacturing, marketing, advertising, warranting and selling the Product, Defendant's conduct in concealing material facts regarding the Product, Defendant's false, fraudulent, unfair and misleading claims and Plaintiff's and Class Members' purchasing the

Product.

47.    *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and have no interests antagonistic to those of the Class.   Plaintiff has retained counsel experienced in the prosecution of complex class actions, including consumer class actions involving false and misleading advertising, product liability and product design defects.

48.    *Predominance and Superiority*:  This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.   Should individual Class Members be required to bring separate actions, this Court and Courts throughout California would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## CAUSES OF ACTION

### COUNT I
**Violation of California Business and Professions
Code § 17200 *et seq*.
(On Behalf of Plaintiff and the Class Against Defendant)**

49.   Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50.   Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

51.   The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the False Advertising Law and the Consumer Legal Remedies Act.

52.   Defendant's conduct is further "unlawful" because it violates the Federal Food, Drug, and Cosmetic Act and its implementing regulations in at least the following ways:

(1)   Defendant's deceptive statements violate 21 U.S.C. § 343(a), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular";

(2)   Defendant's deceptive statements violate 21 C.F.R. § 101.14(b)(3(i), which mandates "substances" in dietary supplements consumed must contribute and retain "nutritional value" as defined

under 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim;

(3)     Defendant's omission of N,α-DEPEA in the "Supplement Facts" panel is in violation of 21 C.F.R. § 101.36(d);

(4)     Defendant's omission of N,α-DEPEA on the nutrition label is in violation of 21 C.F.R. § 101.4;

(5)     Defendant's Product is an unapproved new drug as defined under 21 U.S.C. § 355(a); and

(6)     Defendant's Product is a misbranded drug in violation of 21 U.S.C §§ 352 and 353.

53.     Defendant's conduct is further "unlawful" because it violates The California Sherman Food, Drug, and Cosmetic Law, which incorporates the provisions of the Federal Food, Drug and Cosmetic Act.

54.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein also constitute "unfair" business acts and practices under the UCL in that Defendant's conduct is immoral, unscrupulous, and offends public policy.  Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

55.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein also constitute "fraudulent" business acts and practices under the UCL in that Defendants' claims are false, misleading, and have a tendency to deceive the Class and the general public.

56.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

57.     Plaintiff further seeks an order for the disgorgement and restitution of all monies from the sale of the Defendant's Product, which were acquired through acts of unlawful, unfair, and/or fraudulent competition.

## COUNT II
**Violation of California Legal Remedies Act
Cal. Civ. Code § 1750 *et seq*.
(On Behalf of Plaintiff and the Class Against Defendant)**

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq* (the "CLRA").

60.     Plaintiff is a consumer as defined by the CLRA.

61.     Defendant is a supplier or seller as defined by the CLRA.

62.     Defendant's conduct described herein involves consumer transactions as defined in CLRA.

63.     Plaintiff is further given the rights to bring the suit himself under Civ. Code § 1780 and on behalf of the class under § 1781.

64.     Defendant has engaged in deceptive practices, unlawful methods of competition, and or unfair acts as defined by Civ. Code § 1750, *et seq.* to the detriment of the Plaintiff, members of the general public and the Class. Plaintiff, the general public and members of the Class have suffered harm as a proximate result of the wrongful conduct of Defendants as alleged herein.

65.     Defendants intentionally, knowingly and unlawfully perpetrated a harm upon Plaintiff by the above-described facts.

66.     Accordingly, Defendant violated the CLRA by engaging in the following practices proscribed by the California Consumer Legal Remedies Act, § 1770(a)(2)(3)(5)(7)(8) and (9) and in consumer transactions with the Plaintiff and the Class, which were intended to result in, and did result in the sale of the Flushmate System to the Plaintiff and the Putative Class:

(a)     The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by another.

(7) Representing that goods or services are of a particular standard, quality, or grade, or goods are of a particular style or model, if they are of another.

(8) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(9) Advertising goods or services with intent not to sell them as advertised.

67.   Accordingly, Defendant violated the CLRA by engaging in the following practices proscribed by the California Consumer Legal Remedies Act, § 1770(a)(2)(3)(7)(8) and (9) and in consumer transactions with the Plaintiff and the Class, which were intended to result in, and did result in the sale of the Flushmate System to the Plaintiff and the Putative Class:

68.   The Defendants' policies and practices are unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers and to the general public from Defendants' policies and practices far outweighs any purported utility those policies and practices have.

69.   Pursuant to CLRA §1780(a), Plaintiff seeks an order enjoining Defendants from engaging in the methods, acts, or practices alleged herein.

70.   Pursuant to CLRA §1782, if defendant does not rectify its conduct within 30 days, Plaintiff intends to amend this Complaint to add claims for:

a)  Actual damages;

b)  Restitution of money to Plaintiff, the Class members and the general public;

c) Punitive damages;

d) Attorneys' fees and costs; and

e) Other relief that this Court deems proper.

## COUNT III
**Violation of the False Advertising Law, Business and Professions**
**Code Sections 17500 *et seq*.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

71.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

72.     Bus. & Prof. Code § 17500, et seq. (the "FAL") provides, in pertinent part:

> "It is unlawful for any … corporation… with intent or indirectly to dispose of real or personal property… or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, … any statement, concerning that real or personal property… or concerning any circumstance or matter of fact connected with the proposal…disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading… or … to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property… so advertised… as so advertised."

73.    In violation of Cal. Bus. & Prof. Code § 17500 *et seq.*, the advertisements, labeling, policies, acts, and practices described herein were designed to, and did, result in the purchase and use of the Product.

74.    Defendant knew and reasonably should have known that the advertising, marketing and labeling of the Product was untrue and/or misleading. But for these misrepresentations and omissions, Plaintiff and the Class would not have purchased the Product.

75.    Pursuant to Bus. & Prof. Code § 17535, Plaintiff and the Class seek to recover from Defendants restitution and disgorgement of earnings, profits, compensation and benefit obtained as a result of the practices that are unlawful under Bus. & Prof. Code § 17500 *et seq.* according to proof.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Class Members demand judgment in their favor against the Defendant, as follows:

a.  A determination that this action proceed as a class action and Plaintiff adequately represents the Class;

b.  An Order requiring Defendant to bear the cost of class notice;

c.  A return of all amounts paid for the Product sold by the Defendant to the Plaintiff and the Class Members;

d. For interest thereon, in the maximum amount allowable under applicable law;

e. For costs of suit, in the maximum amount allowable under applicable law;

f. For an award of attorneys' fees and costs, to the maximum amount permitted under applicable law;

g. For injunctive relief, restraining and enjoining the Defendant from continuing to use these deceptive sales tactics;

h. For restitution of the funds which were unjustly enriched by Defendant, at the expense of Plaintiff and Class Members; and

i. For such other and further relief for the Plaintiffs as this Honorable Court shall deem just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members demand trial by jury as to all matters and issues triable.

DATED: October 17, 2013

By:   /s/ Jonathan Shub_____
Jonathan Shub (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street
Suite 1380
Philadelphia, PA 19102
Tel:  (215) 564-2300
Fax: (215) 851-8029
jshub@seegerweiss.com

**CLASS ACTION COMPLAINT**
19

Nick Suciu III
(Pro Hac Vice Application
Forthcoming)
**OLIVER LAW GROUP PC**
950 W. University Drive, Ste. 200
Rochester, MI 48307
Telephone: (248) 327-6556
Facsimile: (248) 436-3385
notifications@oliverlg.com
www.legalactionnow.com

Alyson Oliver
(Pro Hac Vice Application
Forthcoming)
**OLIVER LAW GROUP PC**
950 W. University Drive, Ste. 200
Rochester, MI 48307
Telephone: (248) 327-6556
Facsimile: (248) 436-3385
notifications@oliverlg.com
www.legalactionnow.com

Jordan L. Chaikin
**PARKER WAICHMAN LLP**
(Pro Hac Vice Application
Forthcoming)
3301 Bonita Beach Road
Bonita Springs, FL 34134
Telephone: (239) 390-8609
Facsimile: (239) 390-0055
jchaikin@yourlawyer.com

Attorneys for Plaintiff
Shantell Olvera, and on Behalf
of All Others Similarly Situated