1  EDWARD P. GARSON (State Bar No. 96786)
   **WILSON, ELSER, MOSKOWITZ,**
2      **EDELMAN & DICKER LLP**
   525 Market Street, 17th Floor
3  San Francisco, California 94105
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  IAN A. STEWART (State Bar No. 250689)
   **WILSON, ELSER, MOSKOWITZ,**
6      **EDELMAN & DICKER LLP**
   555 South Flower Street, Suite 2900
7  Los Angeles, California 90071
   Telephone:    (213) 443-5100
8  Facsimile:    (213) 443-5101

9  Attorneys for Defendant
   DRIVEN SPORTS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTELL OLVERA, on behalf of herself and all others similarly situated, | Case No. 3:13-cv-04830-EMC |
| Plaintiff, | |
| v. | **ANSWER TO UNVERIFIED COMPLAINT, REQUEST FOR JURY TRIAL** |
| DRIVEN SPORTS, INC.; and DOES 1-25, Inclusive, | Complaint Filed:    October 17, 2013 |
| Defendants. | |

COMES NOW Defendant, DRIVEN SPORTS, INC. ("Driven Sports"), and in answer to the complaint on file, alleges as follows:

### NATURE OF THE ACTION

1. Defendant admits that it is named as a defendant in this suit. Defendant denies any class action allegations in Paragraph 1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations Paragraph 1, and on that basis denies each and every remaining allegation.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. The referenced statutes speak for themselves. Defendant denies any class action allegations in Paragraph 11.

12. Defendant admits that plaintiff is seeking such an order, but denies there is any basis for such relief as alleged in Paragraph 12.

**JURISDICTION AND VENUE**

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

**PARTIES**

18. Defendant denies the allegations in Paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations, and on that basis denies the allegations of Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

**FACTUAL ALLEGATIONS**

21. Defendant incorporates the foregoing paragraphs as if fully restated herein.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations, and on that basis denies the allegations of Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

2
ANSWER TO UNVERIFIED COMPLAINT, REQUEST FOR JURY TRIAL
Case No. 3:13-cv-04830-EMC
1097625.1

24. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations, and on that basis denies the allegations of Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant admits that the quoted statement is contained in the stated reference, but denied all remaining allegations of Paragraph 27.

28. Defendant admits that the quoted statement is contained in the stated reference, but denied all remaining allegations of Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## RELIANCE AND INJURY

31. Defendant incorporates the foregoing paragraphs as if fully restated herein.

32. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegation, and on that basis denies the allegations of Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegation, and on that basis denies the allegations of Paragraph 34.

35. Defendant denies that there was false and misleading labeling and as to the remaining allegations Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegation, and on that basis denies the allegations of Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

## CLASS ALLEGATIONS

40. Defendant incorporates the foregoing paragraphs as if fully restated herein.

41. Defendant admits that it is named as a defendant in this suit. Defendant denies any class action allegations in Paragraph 41. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations Paragraph 41, and on that basis denied each and every remaining allegation.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

## CAUSES OF ACTION

## COUNT I

**Violation of California Business and Professions Code § 17200 *et seq.*
(On Behalf of Plaintiff and the Class Against Defendant)**

49. Defendant incorporates the foregoing paragraphs as if fully restated herein.

50. Cal. Bus. & Prof. Code § 17200 speaks for itself, and Defendant denies the legal conclusions of Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## COUNT II

**Violation of California Legal Remedies Act
Cal. Civ. Code § 1750 *et seq.*
(On Behalf of Plaintiff and the Class Against Defendant)**

58. Defendant incorporates the foregoing paragraphs as if fully restated herein.

59. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA"), and Defendant denies the legal conclusions of Paragraph 59.

60. Defendant lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegation, and on that basis denies the allegations of Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

## COUNT III

**Violation of False Advertising Law, Business and Professions
Code Sections 17500 *et seq.*
(On Behalf of Plaintiff and the Class Against Defendant)**

71. Defendant incorporates the foregoing paragraphs as if fully restated herein.

72. Bus. & Prof. Code § 17500, *et seq.* (the "FAL") speaks for themselves, thus Defendant denies Plaintiff's legal conclusions. Defendant denies any class action allegations and the remaining allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

**PRAYER FOR RELIEF**

Defendant denies the allegation in the prayer for the complaint.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury as to all matters and issues triable.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the Class Action Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault or Negligence)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges, that Plaintiff is negligent in and about the matters and activities alleged in the Class Action Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if this answering Defendant is found to have been negligent, and if Plaintiff is entitled to recover damages against this answering Defendant by virtue of the Class Action Complaint, this answering Defendant prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiff in proportion to the degree of fault attributable to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

(Fault or Negligence of Third Parties)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiff, and each of the persons and

entities he purports to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if this answering Defendant is found to be at fault, and if Plaintiff is entitled to recover damages against this answering Defendant by virtue of the Class Action Complaint, this answering Defendant prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

## FOURTH AFFIRMATIVE DEFENSE

(Misuse and/or Abuse)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that at the time referred to in said Class Action Complaint, and prior thereto, the product or products referred to in said Class Action Complaint were misused and used in an improper and unforeseeable manner by Plaintiff and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Class Action Complaint and the injuries and damages complained of, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

(Modification of the Product)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges that the Plaintiff and/or other persons or entities modified the subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

(Doctrine of Abstention)

The Class Action Complaint is precluded by the Doctrine of Abstention.

### SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges that Plaintiff, by his actions and conduct, has waived any claims for damages as alleged in the Class Action Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges that Plaintiff, by his actions and conduct, is estopped from asserting the relief sought in this action.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Give Proper Notice Pursuant to California Civil Code section 1780)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the Class Action Complaint, and all causes of action alleged therein, are barred by the failure of the plaintiffs to comply with the mandatory provisions of California Civil Code section 1780.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiff, and each of the persons and entities he purports to represent, were proximately caused by the failure of Plaintiff to use reasonable means to prevent aggravation of Plaintiff's damages and to use reasonable means to mitigate such damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that this action is barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure sections 335, et seq., including but not limited to section 338.

**TWELFTH AFFIRMATIVE DEFENSE**

(Joint Tortfeasors -- Contribution)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that if it should be found that this answering Defendant is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiff, and each of the persons and entities he purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then this answering Defendant alleges that other Defendants or cross-Defendants in this case or other persons, companies or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Class Action Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other Defendants or cross-Defendants, persons, companies or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against this answering Defendant be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiff, but also as to the total of that degree of negligence or fault found to exist as to said other Defendants, cross-Defendants, persons, companies or entities.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Feasible Alternative Design)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that Plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or

technically feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiff without substantially impairing the usefulness or intended purpose of the product.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Privity)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the lack of privities between Plaintiff, and each of the persons and entities he purports to represent, and Defendant, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged beach of warranty.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Defect in Product)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that no defect existed in the subject product that Plaintiff alleges caused their injury.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Allege Facts Justifying the Imposition of Punitive Damages)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that Plaintiff has failed to state adequate facts in their complaint with sufficient particularity to justify the imposition of punitive damages in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Are Not Permissible)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the imposition of punitive damages against Defendant would violate its constitutional rights guaranteed under Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 2, 7, 15, 16 and 17, and Article IV, Section 16, of the California Constitution.   Among other things, Defendant contends that the lack of a

requirement that the basis for the imposition of punitive damages be proven beyond a reasonable doubt violates Defendant's constitutional rights, the imposition of such damages violates the due process and equal protection guarantees of the United States Constitution, and the imposition of such damages constitutes an excessive fine or penalty in violation of the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Voluntary Assumption of the Risk)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that any product supplied by Defendant, and sold in the normal stream of commerce was reasonably safe for its intended use and was not defective in any manner. However, if the product was defective or unreasonably dangerous, which Defendant denies, then other Defendants and the Plaintiff, and each of the persons and entities he purports to represent, were aware thereof and unreasonably proceeded to make use of the product in that condition.

### NINETEENTH AFFIRMATIVE DEFENSE

(Insufficient Facts as to Intentional Misrepresentation)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the allegations in the Class Action Complaint do not constitute intentional misrepresentation.

### TWENTIETH AFFIRMATIVE DEFENSE

(Uncertainty)

As and for a further and separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action thereof, this Answering Defendant alleges that Plaintiff's Class Action Complaint is uncertain.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Exercise Ordinary Care)

As and for a further and separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action thereof, this answering Defendant alleges that

Plaintiff, and each of the persons and entities he purports to represent, were negligent and careless in and about the events set forth in the Class Action Complaint which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Misleading or Untrue Statement)

As and for a further separate and affirmative defense to the Class Action Complaint on file herein and each cause of action thereof, this answering Defendant alleges that it did not make or disseminate or cause to be made or disseminated any statement which it knew, or which by the exercise of reasonable care should have known, to be untrue or misleading.  which is untrue is not responsible for any damages, or percentage of damages, claimed by Plaintiff herein as a result of the intentional acts or omissions of others including Plaintiff, and each of the persons and entities he purports to represent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Intentional Acts/Omissions)

As and for a further separate and affirmative defense to the Class Action Complaint on file herein and each cause of action thereof, this answering Defendant alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiff herein as a result of the intentional acts or omissions of others including Plaintiff, and each of the persons and entities he purports to represent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE\

(Good Faith)

Plaintiff's claims are barred because any alleged representations and/or conduct on the part of this Defendant were made in good faith and were not intended to deceive Plaintiff or any of the persons and entities he purports to represent.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Notice of Breach of Warranty)

Plaintiff and each of the persons and entities he purports to represent failed to give notice of any alleged breach of warranty, whether express or implied.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Warranties)

This Defendant denies that it made any express or implied warranties.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Reliance on Warranties)

Plaintiff and each of the persons and entities he purports to represent did not rely on any alleged warranties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Scienter)

This Defendant did not act with scienter and therefore did not violate any Unfair Business Practices Act, and therefore did not violate any unfair Business Practices Act, including, but not limited to, California Business & Professions Code § 17200 *et seq.*

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

Any claims Plaintiff may make for equitable relief are barred because Plaintiff and each of the persons and entities he purports to represent have an adequate remedy at law.

**THIRTIETH AFFIRMATIVE DEFENSE**

(All Defenses Available Under California Business & Professions Code)

This Defendant asserts any and all defenses available under California Business & Professions Code § 1 *et seq.*, California Civil Code § 1, *et seq.*, and any other applicable law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Give Proper Notice Pursuant to California Civil Code section 1780)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the Class Action

Complaint, and all causes of action alleged therein, are barred by the failure of the plaintiffs to comply with the mandatory provisions of California Civil Code section 1780.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Comply with the Provisions of California Civil Code section 1781)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant alleges that the Class Action Complaint, and all causes of action alleged therein, are barred by the failure of the plaintiffs to comply with the mandatory provisions of California Civil Code section 1781.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Comply With Statutory Provisions)

Plaintiff and each of the persons and entities he purports to represent failed to meet the requirements of California Business & Professions Code § 17200 *et seq.* and do not comply with California Civil Procedure Code § 382, as required by Business & Professions Code § 17203.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Overly Inclusive Class)

Plaintiff's description of the alleged class is overly broad and inclusive.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Insufficient Numerosity)

The alleged class is not so numerous that individual joinder of its members is impracticable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Insufficient Common Questions of Law and Fact)

Any alleged questions of law and fact common to the representative Plaintiff and the class do not substantially predominate over questions that may affect individual class members.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Typicality)

Plaintiff's claims are not typical of the alleged claims of the proposed class members.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Inadequacy of Representation)

Plaintiff cannot fairly and adequately represent and protect the interest of the proposed class.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(No Superiority)

Plaintiff cannot demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

**FORTIETH AFFIRMATIVE DEFENSE**

(Individual Issues Predominate)

This case is not appropriate for class certification because the liability issues raised by the Complaint require a detailed, fact-specific and individualized inquiry that must be decided.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(No Justifiable Reliance)

Plaintiff and each of the persons and entities he purports to represent did not justifiably rely on any statement, omissions, or concealments by this Defendant to his detriment.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(No Injury In Fact)

Plaintiff and each of the persons and entities he purports to represent have not suffered any injury in fact and lost money or property as a result of this Defendant's alleged acts of unfair competition, as required by California Business & Professions Code § 17204 and/or any other applicable state law or statute.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(No Unlawful Statements)

This Defendant's comments, statement, advertising, promotion and/or conduct concerning the manufacture, distribution and sale of the subject product identified in the Class Action Complaint were never unlawful.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(No Unfair Conduct)

This Defendant's comments, statements, advertising, promotion and/or conduct concerning the manufacture, distribution and sale of the subject product identified in the Class Action Complaint were never unfair.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(No Deceptive Conduct)

This Defendant's comments, statements, advertising, promotion and/or conduct concerning the manufacturer, distribution, and sale of the subject product identified in the Class Action Complaint were never fraudulent or deceptive.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(No Liability Under California Business & Professions Code)

This Defendant's comments, statements, advertising, promotion, and/or conduct concerning the manufacturer, distribution and sale of the subject product identified in the Class Action Complaint never constituted any act prohibited in any Unfair Business Practices Act, including but not limited to California Business & Professions Code § 17200 and/or § 17500 *et seq*.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Available Alternative Sources)

Plaintiff has reasonably available alternative sources of products other than the product identified in the Class Action Complaint and, as such, the Class Action Complaint fails to state a claim for unfair business practices.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Tampering with the Product)

As and for a further separate affirmative defense to the Class Action Complaint on file herein and each and every cause of action this answering Defendant is informed and believes, and on such information and belief alleges that the Plaintiff and/or other persons or entities

tampered with the subject product, and that said tampering contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiff.

### FORTY-NINTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Amend Answer)

This answering Defendant specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

**WHEREFORE**, this answering Defendant prays that judgment be entered against Plaintiff and in favor of this answering Defendant, that Plaintiff takes nothing by reason of said Class Action Complaint herein, and that this answering Defendant be awarded all costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

Dated: November 19, 2013

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: */s/ Edward P. Garson*
EDWARD P. GARSON
IAN A. STEWART
Attorneys for Defendant
DRIVEN SPORTS, INC.