Jonathan Shub (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street
Suite 1380
Philadelphia, PA 19102
Tel:  (215) 564-2300
Fax: (215) 851-8029
jshub@seegerweiss.com

Alyson Oliver
(Pro Hac Vice)
Nick Suciu III
(Pro Hac Vice)
**OLIVER LAW GROUP PC**
950 W. University Drive, Ste. 200
Rochester, MI 48307
Telephone: (248) 327-6556
Facsimile: (248) 436-3385
notifications@oliverlg.com
www.legalactionnow.com

Jordan L. Chaikin
**PARKER WAICHMAN LLP**
(Pro Hac Vice)
3301 Bonita Beach Road
Bonita Springs, FL 34134
Telephone: (239) 390-8609
Facsimile: (239) 390-0055
jchaikin@yourlawyer.com

Attorneys for Plaintiff
Shantell Olvera

EDWARD P. GARSON (State Bar No. 96786)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:  (415) 433-0990
Email: Edward.Garson@wilsonelser.com

1

**JOINT CASE MANAGEMENT STATEMENT**

Ian A. Stewart (SBN 250689)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower St., Suite 2900
Los Angeles, CA 90071
Telephone (213) 443-5100
Email: Ian.Stewart@wilsonelser.com

Attorneys for Defendant
Driven Sports

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTELL OLVERA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRIVEN SPORTS, INC.,<br><br>Defendants. | CASE NO. CASE NO. 3:13-cv-04830<br><br><br><br>**JOINT CASE MANAGEMEMNT STATEMENT** |

Pursuant to the Court's Order Setting Rule 16(b) Scheduling Conference, Plaintiff Shantell Olvera ("Plaintiff") and Defendant Driven Sports, Inc ("Defendant") submit their Joint Rule 16(b) Report.

1.    **Jurisdiction and Service.** The basis of the Court's subject matter jurisdiction is 28 U.S.C. 1332 (diversity) and 28 U.S.C. § 1332 (d) because Plaintiff asserts that the parties are citizens of different states and that there are at least 100 Class Members and the combined claims exceed $5,000,000. Defendant contends that the number of class members and the combined amount of the claim is substantially less than $5,000,000.

JOINT CASE MANAGEMENT STATEMENT

2.    **Facts:** Plaintiff alleges that Defendant's product "Craze", a pre-workout nutritional supplement, contains a substance that is a structural isomer of methamphetamine is therefore mislabeled and harmful in violation of California Business and Professions Code sections 17200, et seq., California Civil Code sections 1750, et seq., and California Business and Professions Code sections 17500, et seq.

Defendant denies Plaintiff's allegations and contends that no illegal or unnatural ingredients were added to the subject product, and their conduct does not amount to a violation of the state statutes enumerated above.  Defendant denies that Plaintiff has sustained any damages as a result of any conduct by Defendant.

3.    **Legal issues:** Initially, there is an issue as to whether plaintiff can state a cognizable class. The central legal issues are whether Defendant's conduct violated the various state statutes enumerated above, and whether Plaintiff has sustained any damage or loss as a result of the alleged conduct of Defendant.

4.    **Motions:** Plaintiff will file a motion for class certification after the completion of discovery relevant to satisfying the requirements of Rule 23.  Defendant contests that jurisdiction is proper based upon 28 U.S.C. § 1332 (d) because Plaintiff asserts that the parties are citizens of different states and that there are at least 100 Class Members and the combined claims exceed $5,000,000. Plaintiff will also be filing a motion for appointment of lead counsel.

5.    **Amendment of the Pleadings:** Plaintiffs intend on filing an amended complaint by March 15, 2014 should the Court grant leave for such a filing.

6.    **Evidence Preservation:** The parties have reviewed the ESI Guidelines and have met and conferred pursuant to Rule 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    **Disclosures:** Pursuant to Rule 26(a), disclosures are due on or before February 27, 2014.  The parties have no objection to the initial disclosures occurring on or before that date.

8.    **Discovery**: No discovery has been taken to date.  See Rule 26(f).  The

**JOINT CASE MANAGEMENT STATEMENT**

parties propose no modification of the discovery rules at this time.  The parties are considering whether to enter into a stipulated e-discovery order. The parties have not identified discovery disputes at this time.

9.   **Class Actions**: Plaintiff intends to move for class certification under Rules 23(a) and 23(b)(3) and alleges that this case satisfies the requirements of numerosity, commonality, typicality, adequacy and predominance and superiority. Plaintiff anticipates filing such a motion, assuming discovery is not unduly delayed, by November 1, 2014.

10.   **Related Cases**:  Wagner v. Driven Sports Inc., 3:13-cv-05239-THE. Defendant has not yet been served with this complaint.  Stewart v. Driven Sports, 1:13-cv- 8789, USDC Northern District Illinois.

11.   **Relief**: Plaintiff seeks money damages and injunctive relief. Plaintiff is unable, without further discovery, to quantify the amount of monetary damages he seeks on behalf of the putative Class.

12.   **Settlement and ADR**:  The parties believe that an evaluation of settlement is premature and will not ripen until the parties are able to evaluate written discovery and take a limited number of depositions. The parties, if appropriate, will be pursuing settlement negotiations with the assistance of a private mediator.

13.   **Consent to Magistrate Judge for All Purposes**: The parties do not consent to a magistrate judge for all purposes.

14.   **Other References**:  The parties do not believe this matter is suitable for other reference at this time.

15.   **Narrowing of Issues**: It is unknown at this time whether the parties by way of stipulation can narrow the issues at trial or to otherwise expedite the presentation of evidence at trial.

16.   **Expedited Trial Procedure**: The parties do not believe this matter is appropriate for the Expedited Trial Procedure of General Order 64.

4

**JOINT CASE MANAGEMENT STATEMENT**

17.   **Scheduling**:

Completion of Discovery Related to Rule 23:  September 1, 2014

Completion of Non-expert Discovery:  April 15, 2015

Initial Expert Disclosure: June 7, 2015

Rebuttal Expert Disclosure: June 21, 2015

Expert Discovery Cutoff: July 4, 2015

Last Day for Hearing of Dispositive Motions: October 1, 2015

Pre-trial Conference:  December 1, 2015

Trial:  January 2016

18.   **Trial**: Jury. Anticipated length of trial is 5 to 15 court days, depending on whether this case is certified as a class action.

19.   **Disclosure of Non-party Interested Entities or Persons:**  The parties have not filed a Certification of Interested Entities pursuant to Civil Local Rule 3-16.

20.   **Other Matters:**  None at this time.

//
//
//
//
//
//
//

DATED:  February 5, 2014

By: /s/ Jonathan Shub
Attorneys for Plaintiff

5

**JOINT CASE MANAGEMENT STATEMENT**

DATED:  February 5, 2014

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: */s/ Edward P. Garson*
        Edward P. Garson
        Attorneys for Defendant
        Driven Sports

6

**JOINT CASE MANAGEMENT STATEMENT**