Alden Knisbacher, CSB #169705
Email: alden@knisbacherlaw.com
KNISBACHER LAW OFFICES
220 Montgomery Street, Suite 961
San Francisco, California 94104
Telephone: (415) 522-5200
Facsimile: (415) 522-5201

Reginald Terrell, CSB #127874
Email: reggiet2@aol.com
THE TERRELL LAW GROUP
P.O. Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCUS WAGNER, an individual, on behalf of himself and all others similarly Situated,

Plaintiff,

v.

DRIVEN SPORTS, INC., GENERAL NUTRITION CENTERS, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:13-cv-05239-EMC

**STIPULATION AND [PROPOSED] ORDER ON LEADERSHIP STRUCTURE AND GUIDELINES TO LIMIT COSTS AND EXPENSES**

CLASS ACTION

JURY TRIAL DEMAND

The Honorable Edward M. Chen

Complaint Filed: November 12, 2013

1. WHEREAS there are presently two related consumer fraud complaints filed against Driven Sports, Inc. pending in this Court: (1) *Olvera v. Driven Sports, Inc.* No.

C 13-04830 EMC ("*Olvera*"), and (2) *Wagner v. Driven Sports, Inc. and General Nutrition Centers, Inc.*, Case No. 3:13-cv-05239-EMC ("*Wagner*").

2. WHEREAS Plaintiff in the *Olvera* action is represented by Jonathan Shubb of Seeger Weiss LLP of Philadelphia, PA, Nick Suciu III and Alyson Oliver of the Oliver Law Group PC, Rochester, MI, and Jordan Chaiking of Parker Waichman LLP, Bonita Springs, Fla.

3. WHEREAS Plaintiff in the *Wagner* action is represented by Michael Ram of Ram, Olson, Cereghino & Kopczynski, San Francisco, CA, Alden Knisbacher of Knisbacher Law Officer, San Francisco, CA, Reginald Terrell of The Terrell Law Group, Oakland, California, and Beth Terrell and Mary Reiten of Terrell Marshall Daudt & Willie PLLC, Seattle, WA.

4. WHEREAS both actions assert claims under California's Unfair Competition Act, Bus. & Prof. Code § 17200, *et seq.*, California's Consumer Legal Remedies Act, Civ. Code § 1750, *et seq.*, and California's False Advertising Law, Bus. & Prof. Code § 17500, *et seq.* based on the same uniform misrepresentation: Plaintiffs allege that Driven Sport's product, Craze (a pre-workout nutritional supplement), contains a known structural isomer of methamphetamine, and Defendants failed to disclose this harmful ingredient to Class members and mislabeled Craze under federal and state law.

5. WHEREAS, Plaintiffs' counsel in the two actions agree that the two cases concern common questions of fact and law, and otherwise satisfy the requirements of Fed. R. Civ. P. 42(a), and therefore, will seek consolidation before this Court, Plaintiffs' counsel stipulate as follows regarding leadership structure and cost guidelines.

**A. Appointment and Duties of Lead Counsel**

Jonathan Shub, Nick Suciu III, Michael Ram, and Beth Terrell shall be appointed co-lead counsel. Co-Lead counsel shall be responsible for the following:

1. Discovery


      a.      Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated.

      b.      Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery of behalf of all Plaintiffs.

      c.      Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

      d.      Conduct all discovery in a coordinated and consolidated matter on behalf of and for the benefit of all Plaintiffs.  No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings.  Such attorney may suggest questions to be posted to deponents through the designated co-lead counsel provided that such questions are not repetitious.

2.      Hearings and Motions

      a.      Call meetings of counsel for Plaintiffs for any appropriate purposes, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

      b.      Examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

      c.      Act as spokesperson for all Plaintiffs at the pretrial proceedings and in response to inquiries from the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

3.      Miscellaneous

      a.      Submit and argue any verbal or written motions presented to the Court on behalf of Plaintiffs as well as oppose when necessary any motions submitted by Defendants or other parties that involve matters within the sphere of the responsibilities of lead counsel.

b.      Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by co-lead counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within one week after he or she knows or reasonably should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

            c.      Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

            d.      Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs and their attorneys.

            e.      Prepare periodic status reports summarizing lead counsel's work and progress. These reports shall be submitted to Plaintiffs' liaison counsel who will promptly distribute copies to the other Plaintiffs' attorneys.

            f.      Perform any tasks necessary and proper for co-lead counsel to accomplish its responsibilities as defined by the Court's orders.

            g.      Perform such other functions as may be expressly authorized by further orders of this Court.

**B.      Appointment and Duties of Liaison Counsel**

        Michael Ram shall be appointed as Liaison Counsel. Liaison Counsel shall be responsible for the following:

        1.      Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices and perform other tasks determined by the Court.

2.      Maintain complete files with copies of all documents served on them and shall make such files available on request to other Plaintiffs and their attorneys.

**C.      Guidelines to Limit Costs and Expenses, Including Attorneys' Fees**

1.      Staffing Practices

Co-lead counsel will delegate work and authorize expenditures to other firms as needed, and will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case.  Only time and costs incurred pursuant to assignments authorized by co-lead counsel will be considered and ultimately reimbursed.

a.      Depositions

Unless otherwise authorized by co-lead counsel, counsel for plaintiffs shall send no more than two (2) attorneys and one (1) paraprofessional to any deposition.  When possible, counsel shall limit attendance to no more than one (1) attorney and one (1) paraprofessional.  For example, with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by co-lead counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

b.      Court Hearings

Absent unusual circumstances, counsel for plaintiffs shall limit attendance at non-dispositive hearings to two attorneys.  Counsel attending a hearing without making an appearance, or counsel who are not involved in briefing or arguing at the hearing shall be advised that their time will not be reimbursed at the time of any fee petition.

With respect to hearings related to (1) class certification; (2) motions for summary judgment; (3) motions to compel arbitration; and (4) other significant pretrial motions, co-lead counsel will handle the arguments and delegate work on these important motions to other plaintiffs' firms, based on their knowledge of particular areas of the case.  In this manner, co-lead counsel will have certain firms specialize in certain areas of the case to reduce the

learning curve and increase efficiency when it comes to handling such motions. Any such delegation of work will be done in a manner that avoids duplication of effort.

Co-lead counsel will limit the number of conference calls and group meetings that include multiple counsel, and will limit participation to indispensible attendees. Such conference calls and meetings will be limited to situations of strategic importance for the overall case, or where information (e.g. settlements) needs to be disclosed and discussed. To the extent possible, teleconferencing and video conferencing or other means will be used to limit travel expenses.

2. Travel Expenses

Counsel for plaintiffs shall only seek reimbursement for economy or coach-class airfare for travel. Counsel are welcome to travel by any means they choose, but may only seek reimbursement for coach-class airfare or similarly priced travel arrangements.

Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations, not to exceed $250 per night plus tax. The per diem meal expenses will not exceed $120.

3. Administrative Expenses

Counsel may bill for all expenses reasonably incurred in prosecuting this case. Co-lead counsel shall maintain records of all expenses incurred, as well as any funds maintained by plaintiffs' counsel for the purpose of paying such expenses. Co-lead counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000, such as copying costs, will be left to the discretion of counsel working on authorized assignments, and will be reviewed by co-lead counsel in monthly reports.

Counsel for plaintiffs shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

4. Time Records

a. Recording Requirements

All billing plaintiffs' counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys, paraprofessionals, and assistants. Counsel shall bill in no larger than tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately. Counsel shall not combine billable activities into block-billing records. Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.

b. Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be prepared and recorded at the then-present rates. Counsel shall not bill a rate other than their standard rates at the time the work is performed.

c. Document Review

Document review can be the most challenging area of a case to keep control over time and expenses. Co-lead counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. Co-lead counsel have established relationships with excellent vendors willing to match the best available prices. Once a document database is established, searches will be used to create the universe of documents to be reviewed by other counsel. A remote document review system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of review by other firms.

Co-lead counsel will use paraprofessionals as necessary, attorneys for higher level review, and senior attorneys for top-tier review and quality control. Co-lead counsel will

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply System Sec. Litig.*,19 F.3d 1291, 1305 (9th Cir. 1994).

impose an hourly rate limitation on paraprofessionals and non-senior attorneys who review documents. That rate limitation cannot be set until the volume of documents and number of reviewers is determined. Where it proves economically advantageous, co-lead counsel may employ contract attorneys to perform efficient and focused document review.

                d.        Co-Lead Counsel Review of Time Records and Expenses

All plaintiffs' counsel shall submit a copy of all billing and expenses to a senior attorney at co-lead counsel for review no later than the week following the last day of each month. Co-lead counsel will collect all billing records and expenses monthly and conduct a monthly review of time records and expenses to ensure that costs and expenses are reasonable. Co-lead counsel shall take particular care to ensure that duplicative work is not being performed. Co-lead counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary expenses.

Co-lead counsel may consider using a third-party vendor to collect time and expense reports, if that will not add unnecessary costs to the case.

Co-lead counsel will maintain records in such a manner as to be prepared to submit for review a summary of their time and expenses to the Court for its interim review if the Court so desires.

Co-lead counsel understand that the Court may review time records in the event of a settlement in order to perform a lodestar cross-check or otherwise ensure that plaintiffs' counsel have not billed unnecessarily. Co-lead counsel will make necessary efforts to pre-screen billing records to eliminate unnecessary and duplicative work before submitting records to the Court. Because they proposed to limit any fee application to no more than the 25 percent Ninth Circuit benchmark, co-lead counsel are motivated to limit billing and expenses, and to run this case as efficiently as possible.

STIPULATED, RESPECTFULLY SUBMITTED AND DATED this 30th day of April, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Mary B. Reiten, CSB #203142
Email: mreiten@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Alden Knisbacher, CSB #169705
Email: alden@knisbacherlaw.com
KNISBACHER LAW OFFICES
220 Montgomery Street, Suite 961
San Francisco, California 94104
Telephone: (415) 522-5200
Facsimile: (415) 522-5201

Reginald Terrell, CSB #127874
Email: reggiet2@aol.com
THE TERRELL LAW GROUP
P.O. Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff Marcus Wagner*

SEEGER WEISS LLP

By: /s/ Jonathan Shub, CSB #237708
Jonathan Shub, CSB #237708
Email: jshub@seegerweiss.com
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029

Nick Suciu, III
Email: notifications@oliverlg.com
Alyson Oliver
Email: notifications@oliverlg.com
OLIVER LAW GROUP PC
950 West University Drive, Suite 200
Rochester, Michigan 48307
Telephone: (248) 327-6556
Facsimile: (248) 436-3385

Jordan L. Chaikin
PARKER WAICHMAN LLP
Email: jchaikin@yourlawyer.com
3301 Bonita Beach Road
Bonita Springs, Florida 34134
Telephone: (239) 390-8609
Facsimile: (239) 390-0055

*Attorneys for Plaintiff Shantell Olvera*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 1st day of May, 2014.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

GRANTED

Judge Edward M. Chen

UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER ON LEADERSHIP STRUCTURE AND GUIDELINES TO LIMIT COSTS AND EXPENSES - 10
CASE NO. 3:13-CV-05239-EMC

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward P. Garson, CSB #96786
Email: edward.garson@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th floor
San Francisco, California 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Ian A. Stewart, CSB # 250689
Email: ian.stewart@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

*Attorneys for Defendant Driven Sports, Inc.*

A. Brooks Gresham, CSB #155954
Email: bgresham@mcguirewoods.com
Laura E. Coombe, CSB #260663
Email: lcoombe@mcguirewoods.com
McGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

*Attorneys for Defendant General Nutrition Centers, Inc.*

DATED this 30th day of April, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, CSB #178181

Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiff*

STIPULATION AND [PROPOSED] ORDER ON LEADERSHIP STRUCTURE AND GUIDELINES TO LIMIT COSTS AND EXPENSES - 12
CASE NO. 3:13-CV-05239-EMC