Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
RAM, OLSON, CEREGHINO
  & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

[Additional Counsel Appear on Signature Page]

*Co-Lead and Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTELL OLVERA, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DRIVEN SPORTS, a New York corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Consolidated No. 3:13-cv-04830-EMC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMAND<br><br>The Honorable Edward M. Chen<br><br>Complaint Filed: October 17, 2013 |
| MARCUS WAGNER, an individual, on behalf of himself and all others similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DRIVEN SPORTS, INC., GENERAL NUTRITION CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 3:13-cv-05239-EMC<br><br>JURY TRIAL DEMAND<br><br>The Honorable Edward M. Chen<br><br>Complaint Filed: November 12, 2013 |

1

**A.      PURPOSES AND LIMITATIONS**

2

    Disclosure and discovery activity in this action are likely to involve production of

3

confidential, proprietary, or private information for which special protection from public

4

disclosure and from use for any purpose other than prosecuting this litigation may be

5

warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

6

following Stipulated Protective Order. The parties acknowledge that this Order does not confer

7

blanket protections on all disclosures or responses to discovery and that the protection it affords

8

from public disclosure and use extends only to the limited information or items that are entitled

9

to confidential treatment under the applicable legal principles. The parties further acknowledge,

10

as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

11

file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

12

must be followed and the standards that will be applied when a party seeks permission from the

13

court to file material under seal.

14

**B.      DEFINITIONS**

15

    1.      Challenging Party:

16

A Party or Non-Party that challenges the designation of information or items under this

17

Order.

18

    2.      "CONFIDENTIAL" Information or Items:

19

A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it

20

contains or reflects confidential, proprietary, commercially sensitive and/or private information

21

of an individual or entity.

22

    3.      Counsel (without qualifier):

23

Outside Counsel of Record and House Counsel (as well as their support staff).

24

    4.      Designating Party:

25

A Party or Non-Party that designates information or items that it produces in disclosures

26

or in responses to discovery as "CONFIDENTIAL."

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 2
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

5.      <u>Disclosure or Discovery Material</u>:

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6.      <u>Expert</u>:

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

7.      <u>House Counsel</u>:

Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

8.      <u>Non-Party</u>:

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

9.      <u>Outside Counsel of Record</u>:

Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including contract attorneys that may be hired by the law firm to review materials under the supervision of the law firm.

10.     <u>Party</u>:

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11.     <u>Producing Party</u>:

A Party or Non-Party that produces Disclosure or Discovery Material in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

12.    <u>Professional Vendors</u>:

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

13.    <u>Protected Material</u>:

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

14.    <u>Receiving Party</u>:

A Party that receives Disclosure or Discovery Material from a Producing Party.

**C.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**D.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

[PROPOSED] STIPULATED PROTECTIVE ORDER - 4
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**E.    DESIGNATING PROTECTED MATERIAL**

      1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

      2.    <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order (*see,* e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed

1   "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied

2   and produced, the Producing Party must determine which documents, or portions thereof,

3   qualify for protection under this Order.  Then, before producing the specified documents, the

4   Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected

5   Material. If only a portion or portions of the material on a page qualifies for protection, the

6   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7   markings in the margins).

8          (b)  for testimony given in deposition or in other pretrial or trial proceedings,

9   that the Designating Party identify on the record, before the close of the deposition, hearing, or

10  other proceeding, all protected testimony.

11         (c)  for information produced in some form other than documentary and for any

12  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

13  container or containers in which the information or item is stored the legend

14  "CONFIDENTIAL."  If only a portion or portions of the information or item warrant

15  protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

16         3.   <u>Inadvertent Failures to Designate</u>.

17         If timely corrected, an inadvertent failure to designate qualified information or items

18  does not, standing alone, waive the Designating Party's right to secure protection under this

19  Order for such material. Upon timely correction of a designation, the Receiving Party must

20  make reasonable efforts to assure that the material is treated in accordance with the provisions

21  of this Order.

22  **F.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23         1.   <u>Timing of Challenges</u>.

24         Any Party or Non-Party may challenge a designation of confidentiality at any time.

25  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to

26  avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 6
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

1 disruption or delay of the litigation, a Party does not waive its right to challenge a

2 confidentiality designation by electing not to mount a challenge promptly after the original

3 designation is disclosed.

4          2.     Meet and Confer.

5          The Challenging Party shall initiate the dispute resolution process by providing written

6 notice of each designation it is challenging and describing the basis for each challenge.  To

7 avoid ambiguity as to whether a challenge has been made, the written notice must recite that

8 the challenge to confidentiality is being made in accordance with this specific paragraph of the

9 Protective Order.  The parties shall attempt to resolve each challenge in good faith and must

10 begin the process by conferring directly (in voice to voice dialogue; other forms of

11 communication are not sufficient) within 14 days of the date of service of notice.  In conferring,

12 the Challenging Party must explain the basis for its belief that the confidentiality designation

13 was not proper and must give the Designating Party an opportunity to review the designated

14 material, to reconsider the circumstances, and, if no change in designation is offered, to explain

15 the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the

16 challenge process only if it has engaged in this meet and confer process first or establishes that

17 the Designating Party is unwilling to participate in the meet and confer process in a timely

18 manner.

19          3.     Judicial Intervention.

20          If the Parties cannot resolve a challenge without court intervention, the Designating Party

21 shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance

22 with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

23 within 14 days of the parties agreeing that the meet and confer process will not resolve their

24 dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration

25 affirming that the movant has complied with the meet and confer requirements imposed in the

26 preceding paragraph.  Failure by the Designating Party to make such a motion including the

27

1  required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

2  confidentiality designation for each challenged designation.  In addition, the Challenging Party

3  may file a motion challenging a confidentiality designation at any time if there is good cause for

4  doing so, including a challenge to the designation of a deposition transcript or any portions

5  thereof.  Any motion brought pursuant to this provision must be accompanied by a competent

6  declaration affirming that the movant has complied with the meet and confer requirements

7  imposed by the preceding paragraph.

8       The burden of persuasion in any such challenge proceeding shall be on the Designating

9  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

10  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

12  file a motion to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15  **G.    ACCESS TO AND USE OF PROTECTED MATERIAL**

16       1.    <u>Basic Principles</u>.

17       A Receiving Party may use Protected Material that is disclosed or produced by another

18  Party or by a Non-Party in connection with this case only for prosecuting, defending, or

19  attempting to settle this litigation.  Such Protected Material may be disclosed only to the

20  categories of persons and under the conditions described in this Order. When the litigation has

21  been terminated, a Receiving Party must comply with the provisions of section 13 below

22  (FINAL DISPOSITION).

23       Protected Material must be stored and maintained by a Receiving Party at a location and

24  in a secure manner that ensures that access is limited to the persons authorized under this

25  Order.

26

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 8
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

2.     Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(h)  contract attorneys hired by the Receiving Party's Outside Counsel of Record in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)  vendors hired to load, store and host data produced by the Producing party.

**H.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## I.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information or a longer period if such longer period is required under the Nondisclosure Agreement with the Non-Party, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, if such production will not violate the provisions of the Nondisclosure Agreement. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order or provisions in the Nondisclosure Agreement to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**J.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**K.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED    MATERIAL**

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**L.    MISCELLANEOUS**

1.    <u>Right to Further Relief</u>.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

2.    <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

1   addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

2   any ground to use in evidence of any of the material covered by this Protective Order.

3          3.   <u>Filing Protected Material</u>.

4          a.   As applied to documents, materials or other papers filed with the Court

5   that have been designated CONFIDENTIAL, the parties shall seal such documents (or any

6   portion thereof), by following the protocols for electronic filings in this District.  If a Party

7   believes that material has been designated as CONFIDENTIAL and cannot or should not be

8   sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the

9   materials shall particularly identify the documents or information that it wishes to file to the

10  Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to

11  resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a

12  ruling from the Court on whether the Discovery Material in question must be submitted under

13  seal.  The Producing Party shall have the burden of justifying that the materials must be

14  submitted under seal.   Absent written permission from the Producing Party or a court Order

15  denying a motion to seal, a Receiving Party may not file in the public record any Protected

16  Material.

17         b.   The use of Protected Material during the pre-trial hearing shall be

18  determined by agreement of the parties or by Order of the Court.

19  **M.   FINAL DISPOSITION**

20      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

21  Receiving Party must return all Protected Material to the Producing Party or destroy such

22  material and certify such destruction in writing.  As used in this subdivision, "all Protected

23  Material" includes all copies, abstracts, compilations, summaries, and any other format

24  reproducing or capturing any of the Protected Material.  Whether the Protected Material is

25  returned or destroyed, the Receiving Party must submit a written certification to the Producing

26  Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline

27

that (1) identifies (by category, where appropriate) all the Protected Material that was returned

or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Protected Material. Any

such archival copies that contain or constitute Protected Material remain subject to this

Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: May 29, 2014.                    /s/ Mary B. Reiten, CSB #203142
                                           Attorneys for Plaintiff

DATED: May 29, 2014.                    /s/ Edward P. Garson, CSB #96786
                                           Attorneys for Defendant Driven Sports

DATED: May 29, 2014.                    /s/ A. Brooks Gresham, CSB #155954
                                           Attorneys for Defendant GNC


PURSUANT TO STIPULATION, IT IS SO ORDERED.


        May 30, 2014
DATED: _____       _____
                                     United Stat...

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] STIPULATED PROTECTIVE ORDER - 14
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

<u>CERTIFICATE OF SERVICE</u>

2

3

I, Mary B. Reiten, hereby certify that on May 29, 2014, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

6

Edward P. Garson, CSB #96786
Email:  edward.garson@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th floor
San Francisco, California  94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

7

8

9

10

11

Ian A. Stewart, CSB # 250689
Email:  ian.stewart@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California  90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

12

13

14

15

16

*Attorneys for Defendant Driven Sports, Inc.*

17

A. Brooks Gresham, CSB #155954
Email:  bgresham@mcguirewoods.com
Laura E. Coombe, CSB #260663
Email:  lcoombe@mcguirewoods.com
McGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California  90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

18

19

20

21

22

23

*Attorneys for Defendant General Nutrition Centers, Inc.*

24

25

26

27

[PROPOSED] STIPULATED PROTECTIVE ORDER - 16
CONSOLIDATED CASE NO. 3:13-cv-04830-EMC

1    DATED this 29th day of May, 2014.

2                                         TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4                                         By:  /s/ Mary B. Reiten, CSB #203142
                                               Mary B. Reiten, CSB #203142
5                                              Email: mreiten@tmdwlaw.com
                                               936 North 34th Street, Suite 300
6                                              Seattle, Washington  98103-8869
                                               Telephone:  (206) 816-6603
7                                              Facsimile:  (206) 350-3528

8                                         *Co-Lead Counsel Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27